IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEELY JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF SONOMA,<br><br>          Defendant. | No. C 11-05811 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Keely Johnson brings this action under 42 U.S.C. § 1983 in connection with an early morning arrest by Sonoma County law enforcement. As explained below, the Court GRANTS the Motion to Dismiss, with leave to amend the excessive force and Monell claims.[1]

**I.   BACKGROUND[2]**

Plaintiff and two companions, Megan Harrington and Danny Melton, went "bar-hopping" in Santa Rosa on the night of December 3, 2009. FAC (dkt. 3) ¶ 4. Melton, the designated driver, drove the group into a 7-11 convenience store parking lot just after midnight on the morning of December 4, 2009. Id. There, Deputy Catherine Speaks saw Harrington flick a cigarette onto the ground, and approached the vehicle, accusing

---

[1] The Court held a hearing on this Motion on June 29, 2012, at which Plaintiff failed to appear. Nonetheless the Court does not dismiss on the basis of failure to prosecute.

[2] For the purposes of this Motion, the facts are presented in the light most favorable to Plaintiff and are drawn from the Complaint and judicially noticeable sources.

1  Harrington of violating California Vehicle Code § 23111 and demanding that the group
2  produce identification. Id. ¶ 5. Melton informed Deputy Speaks that he only had a
3  California ID card because his license was suspended. Id.

4  Deputy Speaks learned that there was a misdemeanor arrest warrant for Melton. Id. ¶
5  6. She told him to get out of the vehicle, and then she handcuffed him and put him in the
6  back of her police car. Id. Deputy Speaks advised Plaintiff and Harrington to call a
7  responsible person to pick them up, and Plaintiff responded that she had already done so. Id.
8  ¶ 7.

9  Deputy Speaks next spoke with Deputy Gregory Hals, who had just arrived. Id. ¶ 8.
10 "With the encouragement, assistance, and approval of Deputy Hals," Deputy Speaks decided
11 that Plaintiff was too intoxicated to take care of her own safety, and ordered her to exit the
12 vehicle. Id. They had no "reasonable cause" to make that determination. Id. When Plaintiff
13 did not immediately exit the vehicle, Deputies Speaks and Hals forced her from the vehicle,
14 and then, without "reasonable cause," handcuffed her. Id.

15 After Plaintiff was already handcuffed, and "with the encouragement, assistance, and
16 approval of Deputy Hals," Deputy Speaks "hurled Plaintiff to the ground," seriously injuring
17 her by fracturing her jaw and breaking several of her teeth. Id. ¶ 9. They had no "reasonable
18 cause" to use such force. Id.

19 Deputies Speaks and Hals then arrested Plaintiff on various criminal charges,
20 including assault on a police officer, despite the absence of probable cause. Id. ¶ 10. The
21 Sonoma County District Attorney filed charges against Plaintiff for battery against a police
22 officer (Penal Code § 243), obstructing/resisting/delaying an officer (Penal Code §
23 148(a)(1)), and public intoxication/disorderly conduct (Penal Code § 647(f)). D's RJN (dkt.
24 13) Ex. A at 1. On the first day of trial, on February 23, 2011, Plaintiff pled no contest to
25 obstructing/resisting/delaying an officer (Penal Code § 148(a)(1)), and the District Attorney
26 dismissed the other counts. See id. at 5.

27 Plaintiff filed suit in December, 2011, see Original Compl. (dkt. 1), then filed an
28 amended complaint in February 2012, see FAC. The FAC contains two causes of action.

2

1    The first cause of action, against Deputies Speaks and Hals under 42 U.S.C. § 1983, alleges
2    that "[b]y . . . demanding identification papers from Plaintiff and her companions, by then
3    detaining and arresting Plaintiff, and by exerting unnecessary, unwarranted, and excessive
4    force upon Plaintiff, Deputies Speaks and Hals violated Plaintiff's rights protected by the
5    Fourth, Fifth, Eighth, and Fourteenth Amendments." Id. ¶ 14.  The second cause of action,
6    against the County of Sonoma under 42 U.S.C. § 1983, alleges that the County "has
7    maintained policies, customs, and/or practices of its sheriff's deputies to make unwarranted
8    demands for identification papers from members of the public, to detain and/or arrest
9    members of the public without reasonable cause and or lawful justification for doing so,
10   and/or to use excessive and unjustified force in the course of effecting the detentions and/or
11   arrests of members of the public." Id. ¶ 18.  That cause of action further alleges that the
12   County "has unreasonably failed to train its sheriff's deputies adequately on Constitutional
13   limitations and strictures against [the above conduct]." Id. ¶ 19.
14       Defendants the County of Sonoma, Deputy Speaks, and Deputy Hals (collectively,
15   "Defendants") move to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See MTD
16   (dkt. 13).

17   **II.    LEGAL STANDARD**

18       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims
19   alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).
20   Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain
21   statement of the claim showing that the pleader is entitled to relief."  "Detailed factual
22   allegations" are not required, but the Rule does call for sufficient factual matter, accepted as
23   true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct.
24   1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).
25   According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads
26   factual content that allows the court to draw the reasonable inference that the defendant is
27   liable for the misconduct alleged." Id. at 1949-50.  In determining facial plausibility,
28

whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## III.   DISCUSSION

Defendants move to dismiss the FAC in its entirety, arguing that: (A) the first cause of action, against the individual defendants, should be dismissed because Plaintiff is barred from challenging the lawfulness of the arrest and the force used to accomplish it; and (B) the second cause of action, against the County, should be dismissed because the County has Eleventh Amendment immunity, and also because it is insufficiently pled. This Order addresses each argument in turn.

### A.   First Cause of Action, Against Deputy Speaks and Deputy Hals

Defendants move to dismiss the first cause of action,[3] which is alleged against the individual defendants, arguing that Plaintiff's conviction for a violation of Penal Code § 148(a)(1) bars her from now challenging both the legality of her arrest and the force used to accomplish it. MTD at 4. This argument is correct, as to the FAC as currently pled.

The FAC asserts that Deputies Speaks and Hals had no "reasonable cause" to order Plaintiff out of the vehicle, no "reasonable cause" to handcuff her, no "reasonable cause" to use the force they did after Plaintiff was already handcuffed, and no probable cause to arrest her. See FAC ¶¶ 8-10. Setting aside for a moment the issue of excessive force, Plaintiff's allegations clearly contest the validity of her arrest. This kind of collateral attack on her conviction is barred by Heck v. Humphrey, 512 U.S. 477, 484-85 (1994). See also Webb v. City & Cnty. of San Francisco, No. 11-476, 2001 WL 6151605 (N.D. Cal. Dec. 12, 2011) (same). This is because "[t]he lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1)," and so a judgment in favor of Plaintiff on this cause of action "'would necessarily imply the invalidity of his conviction or sentence.'" Hooper v. Cnty. of

---

[3] The first cause of action alleges violations of four different Amendments to the Constitution (Four, Five, Eight and Fourteen). See FAC ¶ 14. Upon amendment, Plaintiff should separate out each basis for liability into its own cause of action, supported by a "short and plain statement of the claim showing that the pleader is entitled to relief." See Rule 8(a)(2).

4

1 San Diego, 629 F.3d 1127, 1130 (9th Cir. 2011) (citing Heck, 512 U.S. at 487).  Plaintiff's
2 challenge to the legality of her arrest is therefore dismissed, with prejudice.

3       Plaintiff's challenge to the force used to accomplish her arrest requires a slightly
4 different analysis.  A criminal conviction for resisting arrest does not necessarily bar an
5 excessive force claim under Section 1983 as an attack on the validity of the conviction.  This
6 is because an excessive force claim may not "negate the lawfulness of the initial arrest
7 attempt, or negate the unlawfulness of [the plaintiff's] attempt to resist it."  See Hooper, 629
8 F.3d at 1133 (internal quotation marks omitted).  Thus, if the individual resists, delays, or
9 obstructs the officer in the lawful performance of his or her duty, that is a violation of §
10 148(a)(1), and it remains a violation of § 148(a)(1) even if at some time during that same
11 interaction with the officer, the officer uses excessive force.  Id. at 1132.  An individual can
12 challenge the excessive force without challenging the violation of § 148(a)(1).  However, an
13 excessive force claim will be barred by Heck to the extent that it alleges that the plaintiff
14 "offered no resistance," "posed no reasonable threat of obstruction to the officers," and that
15 "the officers had no justification to employ any force against him."  Id.  The FAC, replete
16 with allegations that Deputies Speak and Hals had no "reasonable cause" and no probable
17 cause to take any of the actions that they did, therefore undermines Plaintiff's conviction for
18 violating § 148(a)(1).  See FAC ¶¶ 8-10.  The excessive force claim is barred by Heck.

19       Plaintiff argues, however, that the factual basis for her no contest plea was the police
20 report, and that the police report "describes at least two instances prior to her arrest in which
21 Plaintiff impeded, delayed, or obstructed Deputy Speak's investigation, including (1)
22 Plaintiff's yelling that interfered with Deputy Speak's interrogation of her driver, Melton . . .
23 and (2) Plaintiff's refusal to inform Deputy Speaks whether she had contacted anyone to
24 come and drive her home."  Opp'n (dkt. 18) at 3 (citing P's RJN (dkt. 19) Exs. 1, 2).
25 Plaintiff argues that her conviction therefore only indicates that the Defendants' conduct was
26 lawful before they arrested her, but that she may still bring an excessive force claim based on
27 their subsequent conduct.  Id. (citing Smith v. City of Hemet, 394 F.3d 689, 696-97 (9th Cir.
28 2005)).

1    Framed this way, Plaintiff's excessive force claim might not necessarily "imply the
2 invalidity of [her] conviction or sentence.'" See Hooper, 629 F.3d at 1130.  But the FAC is
3 not framed this way.  The first cause of action is therefore dismissed, but Plaintiff is granted
4 leave to amend her excessive force claim to comport with Heck.

### B.   Second Cause of Action, Against County of Sonoma

#### 1.   Eleventh Amendment Immunity

Defendants next move to dismiss the second cause of action, which is alleged against the County, arguing that the County has Eleventh Amendment immunity from suit.  MTD at 4.  This argument misses the mark.

Importantly, the FAC identifies the County defendant as "a political subdivision of the State of California."  FAC ¶ 3.  Plaintiff did not sue the County Sheriff.  Accordingly, although the parties both invite the Court to pick a side in the debate about whether county sheriffs are entitled to Eleventh Amendment immunity, see MTD at 5; Opp'n at 4; Reply (dkt. 21) at 2, that issue is not before the Court.

Counties are not entitled to Eleventh Amendment immunity.  See, e.g., Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 369 (2001) ("the Eleventh Amendment does not extend its immunity to units of local government"); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances . . . but does not extend to counties and similar municipal corporations"); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005) ("The Court, however, has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power") (internal quotation marks omitted).  Defendants' argument that the second cause of action should be dismissed because of Eleventh Amendment immunity therefore fails.

#### 2.   Monell Insufficiently Pled

Defendants also move to dismiss the second cause of action for being insufficiently pled.  MTD at 5-6.  Here they are more successful.

*Respondeat superior* liability does not apply to actions under 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a county may only be liable under section 1983 if action pursuant to some sort of municipal policy caused the constitutional tort. Id. Here, although the FAC alleges that the County "has maintained policies, customs, and/or practices of its sheriff's deputies" to engage in unconstitutional conduct, and "has unreasonably failed to train its sheriff's deputies" not to engage in unconstitutional conduct, FAC ¶¶ 18, 19, those allegations are generic and conclusory. Iqbal requires more. See Iqbal, 129 S.Ct. at 1949 (requiring "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and warning that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff argues in opposing the Motion that "[p]rior to conducting any discovery, it would be difficult for Plaintiff to flesh out said allegations with further [evidentiary] detail other than on a speculative basis that serves no practical purpose." Opp'n at 5. That argument is unavailing. In Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011), the complaint's Monell claim alleged only that the city defendant's "policies and/or customs caused the specific violations" of Plaintiff's constitutional rights at issue" and "were the moving force and/or affirmative link behind the violation." The Ninth Circuit dismissed, holding that the Monell claim lacked "any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by Twombly." Dougherty, 654 F.3d at 900. The court explained that such allegations "lacked . . . any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the [city] or that the custom or practice was the 'moving force' behind [plaintiff's] constitutional deprivation." Id. at 900-01 (emphasis added). Because Plaintiff here has also not pleaded any facts demonstrating that the constitutional violations she complains of actually resulted from County policy (or from the County's failure to train its deputies), the Monell claim is dismissed, also with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss, with leave to amend the excessive force claim and the Monell claim.

**IT IS SO ORDERED.**

Dated: June 29, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE